HARRY T. WELLS, as Executor, etc., of HARRISON WELLS, Deceased, Respondent, *v.* TOMPKINS COUNTY CO-OPERATIVE FIRE INSURANCE COMPANY, Appellant.

Third Department, November 13, 1918.

**Insurance — action on fire insurance policy — evidence as to oral acceptance of offer of settlement.**

In an action on a fire insurance policy, it appeared that the owners of the buildings insured had, prior to the issue of the policy, executed a contract to convey the premises, including the insured buildings, to the plaintiff's testator, and also executed a similar contract to convey to other parties; that at the time of the fire both of said contracts of conveyance were outstanding, but the policy contained a clause that the loss should be first payable to plaintiff's testator as his interest might appear, and also contained a provision that no action on the policy should be sustainable unless commenced within twelve months after the fire. The defendant refused to pay the loss, but after negotiations wrote a letter through its president

to the plaintiff's assignor offering a settlement, which offer it withdrew by letter about a week later. The plaintiff claims that her testator's attorney, intermediate the two letters of the defendant, called on its president and orally accepted the offer.

Evidence *held* insufficient to establish the plaintiff's claim of an oral acceptance, and that the complaint should be dismissed.

APPEAL by the defendant, Tompkins County Co-operative Fire Insurance Company, from a judgment of the County Court of Cortland county in favor of the plaintiff, entered in the office of the clerk of said county of the 15th day of January, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of January, 1916, denying defendant's motion for a new trial made upon the minutes.

*George B. Davis*, for the appellant.

*John Courtney, Jr.* [*Clayton R. Lusk* of counsel], for the respondent.

COCHRANE, J.:

On December 13, 1912, the defendant issued its policy of fire insurance for one year to William Olds and Ella S. Sherwood, who held the legal title to the property insured consisting of a house and barn. They had previously executed a contract to convey the premises, including the insured buildings, to Harrison Wells, the plaintiff's testator, and he had likewise executed a similar contract to convey the insured property to other parties who were in possession. On April 18, 1913, the barn, which was insured for $400, was destroyed by fire. Both of the said contracts of conveyance were at that time outstanding and no deed of the premises had been executed by Olds and Sherwood, but the policy contained a clause that the loss should be first payable to Harrison Wells as his interest might appear. It also contained a provision that no action on the policy should be sustainable unless commenced within twelve months after the fire.

The defendant refused to pay the loss and after certain negotiations wrote a letter September 17, 1914, through its president to Mr. Wells offering in settlement $325, less certain assessments due from him on other policies amounting to

$17.79. To this letter Mr. Wells replied on September eighteenth declining the proposition, but offering to accept $325 if the defendant would also give a receipt for the unpaid assessments. On September twenty-second Mr. Wells followed this with another letter as follows: " I have no reply to my offer, so I have given J. T. Courtney your letter. I did not tell him I had wrote you and you can settle it with him." Immediately on receipt of this letter and on September twenty-third, the defendant wrote Mr. Wells withdrawing whatever proposition for settlement had been made. This action was instituted in July, 1915, more than two years after the loss occurred, and is based on the defendant's proposed settlement contained in its letter of September 17, 1914, which offer of settlement it is claimed was orally accepted, and the jury has found that such was the case.

The evidence fails to establish the claim of the plaintiff. That claim is that Mr. Courtney, the attorney of Mr. Wells, intermediate the two letters of the defendant of September seventeenth and September twenty-third, when the proposition in question was made and withdrawn by the defendant, called on the president of the latter and orally accepted the proposition. The correspondence is against this contention. On the same day when it is testified that Mr. Wells authorized his attorney to accept the proposition he wrote the letter of September eighteenth to the defendant, rejecting it, and no explanation is given of this inconsistency. But more than this, Mr. Courtney fixes the time of his visit to the defendant and acceptance of the proposition as September twentieth and says that on the same day he telephoned Mr. Wells the result of his conversation. If that be true the letter of Mr. Wells to the defendant of September twenty-second above quoted was a repudiation of his attorney's acceptance and left the defendant at liberty to withdraw its proposition, which it did as stated by its letter of September twenty-third.

The judgment and order must be reversed and the complaint dismissed, with costs.

All concurred.

Judgment and order reversed and complaint dismissed, with costs.